UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WILLIAM C. "BUDDY" SEARS )
)
    Plaintiff, )
)
v. ) Civil Action No. 98-S-1412-NE
)
WAL-MART STORES, INC. )
)
    Defendant. )

FILED
99 MAY -4 AM 10: 27
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY - 4 1999

MEMORANDUM OPINION

    Plaintiff commenced this action in the Circuit Court of Jackson County, Alabama, on April 28, 1998. Plaintiff alleges a cause of action sounding in negligence, and arising out of a slip and fall accident in defendant's store located at 1509 South Broad Street in Scottsboro, Alabama. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") removed the action to this court on June 2, 1998.

    Wal-Mart filed a motion for summary judgment on March 26, 1999. (Defendant's motion, Doc. No. 8.) In an order entered on March 31, 1999 (Doc. No. 11), this court set April 22 as the deadline by which plaintiff must file any evidentiary matters in opposition to Wal-Mart's motion for summary judgment, and April 29, 1999 as the deadline by which plaintiff must file any brief in opposition to said motion. Plaintiff has not responded to the motion, nor has plaintiff filed <u>any</u> document with this court since the order discussing the propriety of Wal-Mart's removal of the

13

action was entered on September 10, 1998 (Doc. No. 6.).

In support of its motion, Wal-Mart argues, in essence, that plaintiff cannot present any evidence that would allow a finding of actual notice or constructive notice to Wal-Mart of the alleged presence of a liquid on the floor of its store. Wal-Mart cites portions of plaintiff's deposition testimony indicating that plaintiff also cannot point to facts indicating that Wal-Mart possessed actual notice, or that the liquid had been on the floor for a sufficient period of time that would allow a jury to reasonably impute constructive notice. Thus, Wal-Mart contends plaintiff has no evidence sufficient to satisfy his burden of proving that his alleged injuries were proximately caused by Wal-Mart's negligence.

When a motion for summary judgment is made and supported as provided by the *Federal Rules of Civil Procedure*,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury

2

to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon review of the pleadings and Wal-Mart's motion, evidentiary submissions, brief, and authorities cited therein, and viewing the evidence in a light most favorable to plaintiff, this court concludes that defendant's arguments are correct. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet his Rule 56 burden, summary judgment is appropriate. *See, e.g., Brewer v. Purvis*, 816 F. Supp. 1560, 1579 (M.D. Ga. 1993), *aff'd*, 44 F.3d 1008 (11th Cir. 1995) ("Summary judgment is appropriate since Plaintiff failed to respond to [defendant's] argument on this issue."); *see also Wiley v. Earl's Pawn & Jewelry, Inc.*, 950 F. Supp. 1108, 1113 n.4 (S.D. Ala. 1997); *Southern Nevada Shell Dealers Association v. Shell Oil*, 725 F. Supp. 1104, 1109 (D. Nev. 1989).

Accordingly, the court adopts defendant's arguments as its

3

own, and finds defendant's motion for summary judgment is due to granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this **3rd** day of May, 1999.

*[signature]*

United States District Judge

4